IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Thomas and Deborah Krueger,

Debtors.

Chapter 13

Case No. 14-14757

MEMORANDUM DECISION

Debtors Thomas and Deborah Krueger filed a chapter 13 bankruptcy on November 6, 2014. There is a substantial question of their chapter 13 eligibility.

Mary DeGroot holds a judgment lien for $778,642.95 secured by Debtors' residence, which is valued at $269,235.00. Ms. DeGroot's lien is junior to two mortgages totaling $335,425. Thus, the trustee and Ms. DeGroot argue Debtors are not eligible for chapter 13 because Debtors exceed the debt ceiling set by 11 U.S.C. § 109(e).

Under 11 U.S.C. § 109(e):

> Only an individual with regular income that owes, on the date of
> the filing of the petition, noncontingent, liquidated, unsecured
> debts of less than $ 383,175 and noncontingent, liquidated, secured
> debts of less than $ 1,149,525 or an individual with regular income
> and such individual's spouse, except a stockbroker or a commodity
> broker, that owe, on the date of the filing of the petition,
> noncontingent, liquidated, unsecured debts that aggregate less than
> $ 383,175 and noncontingent, liquidated, secured debts of less than
> $ 1,149,525 may be a debtor under chapter 13 of this title [11
> USCS §§ 1301 et seq.].

Debtors want the court to define secured debt under state law because the DeGroot judgment is non-dischargeable[1] and the lien survives bankruptcy. However, "[t]hrough the inclusion of a

---

[1] As determined in their previous chapter 7 bankruptcy

1

§ 506(a) analysis to define 'secured' and 'unsecured' in the § 109(e) context, a vast majority of courts, and all circuit courts that have considered the issue, have held that the unsecured portion of undersecured debt is counted as unsecured for § 109(e) eligibility purposes. See e.g., *In re Balbus*, 933 F.2d 246, 247 (4th Cir. 1991); *Miller v. United States*, 907 F.2d 80, 81-82 (8th Cir. 1990); In the *Matter of Day*, 747 F.2d 405, 407 (7th Cir. 1984); *Soderlund*, 236 B.R. at 273-74 (BAP 9th Cir. 1999)." *In re Scovis*, 249 F.3d 975 (9th Cir. 2001).

In this case, Debtors' first mortgage is equal to the value of the house. Consequently, the second mortgage and judgment lien, totaling over $800,000, are not secured by any collateral value. 11 U.S.C. §109(e) allows chapter 13 debtors to have no more than $383,175.00 in unsecured debt. Thus, debtors are not eligible to file under chapter 13.[2]

Debtors suggest that *Dewsnup v. Timm*, 502 U.S. 410 (1992), controls our inquiry, suggesting that:

> The view that "secured debts" in § 109(e) should be construed to include the full amount of each debt without regard to the value of the property securing the debt draws some support from the Supreme Court's decision in *Dewsnup v. Timm,* which refused to read § 506(d) to void any lien securing an allowed claim to the extent the claim did not also qualify as a "secured claim" under § 506(a), but instead read the phrase "allowed secured claim" in § 506(d) to refer to any claim that was first, allowed, and second, secured, no matter what the value of the property securing it might be.

*In re Thompson*, No. 11-20138-13, 2011 WL 5520963, at *2 (Bankr. D. Kan. Nov. 14, 2011)(explaining the rationale behind linking *Dewsnup* and § 109(e) but ultimately deciding to follow the majority view). However, many courts find *Dewsnup's* definition is at odds with the code. *In re Prosper*, 168 B.R. 274, 277-78 (Bankr. D. Conn. 1994)("The court also found that "it is reasonable to assume 'secured claim' ordinarily has the meaning assigned to it in § 506(a),

---

[2] Creditor Mary DeGroot also asserts the petition was not filed in good faith but we needn't consider that.

2

unless to read it in that fashion would be 'contrary to basic bankruptcy principles.' " *Id.* at 182 (citing *278 *Dewsnup v. Timm,* 502 U.S. 410, ——, 112 S.Ct. 773, 779, 116 L.Ed.2d 903 (1992)"). Nevertheless, some courts have reached a similar result in cases applying *Nobelman v. American Savings Bank* with § 109(e):

> In most instances, the unsecured portion of undersecured debt, as determined by a § 506(a) analysis, is counted as unsecured for § 109(e) eligibility purposes. *Scovis,* 249 F.3d at 983. However, § 1322(b)(2) prohibits a chapter 13 debtor from reducing an undersecured homestead mortgage to the fair market value of the mortgaged residence. *See Nobelman v. Am. Sav. Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). This rule has been applied by several California bankruptcy courts in determining chapter 13 eligibility. *See In re Smith,* 419 B.R. 826 (Bankr. C.D. Cal. 2009), *aff'd in part,* 435 B.R. 637 (9th Cir. BAP 2010)[6]; *In re Tolentino,* 2010 WL 1462772 (Bankr. N.D. Cal. Apr. 12, 2010); *In re Silva,* 2011 WL 5593040 (Bankr. N.D. Cal. Nov. 16, 2011). In those cases, the issue was whether the undersecured portion of an obligation secured by the debtors' principal residence should be counted as unsecured debt for purposes of chapter 13 eligibility. Those courts ruled that, pursuant to *Nobelman,* the undersecured liens could not be bifurcated, and therefore any "undersecured" debt would nonetheless be treated as secured debt. *See Smith,* 419 B.R. at 832.

*In re Blackwell,* 514 B.R. 19, 25-26 (Bankr. N.D. Cal. 2014)(Involving a partially secured claim)(footnote omitted); See also *In re Soderlund,* 236 B.R. 271, 275 (B.A.P. 9th Cir. 1999)(In footnote 5, "We note that a different question might be presented if the debts in question were entitled to the protection afforded by § 1322(b)(2), i.e., claims secured only by a security interest in real property that is the debtor's principal residence. *See Nobelman v. American Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) and *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Here, the debts are not entitled to such protection, accordingly, we do not attempt to resolve this issue"). While these cases present an interesting argument, it is clearly not applicable to the case at hand because the judgment lien is wholly underwater rather than partially under-secured. Furthermore, it is directly adverse to the

3

prevailing seventh circuit precedent. That the debt may be non-dischargeable is wholly irrelevant to the eligibility calculation.

The United States Court of Appeals for the Seventh Circuit in 1984 applied the §506(a) test to §109(e) eligibility. In *In re Day*, the creditor had a $73,000 lien on valueless collateral. The court held the debt was unsecured, reasoning:

> Courts have consistently examined the true value of collateral securing a debt when evaluating a debtor's eligibility for Chapter 13 relief under 11 U.S.C. § 109(e). In *In re Bobroff,* 32 B.R. 933 (Bankr.E.D.Pa.1983), the court converted a proceeding under Chapter 13 to one under Chapter 7 for failure to meet the eligibility requirements of section 109(e). Debtor owned real estate worth $125,000. Three perfected security interests, in the amounts of $58,600, $197,327, and $12,300, encumbered the property. No unsecured debts were scheduled. Nevertheless, the court, applying section 506(a), concluded that since the three "secured" loans totaling $268,227 were secured by collateral worth only $125,000, the debtor actually had unsecured debts in excess of $100,000.² Debtors in *In re Ballard,* 4 B.R. 271 (Bankr.E.D.Va.1980), used the same argument to defeat a creditor's motion to dismiss. While debtors' schedules listed secured obligations in excess of $350,000, the court determined that the value of the collateral was less than $350,000. To the extent that "the debt remain[ed] unsecured as a result of the valuation test [of section 506(a) ], the unsecured portion [became] a part of the debt not represented to be secured by any interest in property of the debtor." *Id.* at 275. Since this amount, when added to the putative unsecured debt, was less than $100,000, the court concluded that debtor met the monetary qualifications of section 109(e). *See also* 3 Collier on Bankruptcy ¶ 506.01, at 406–2 (15th ed. 1979) ("[T]he term 'secured claim' as used throughout the Code refers to a secured claim as determined under section 506."). *Cf. In re Heyer,* 13 B.R. 610 (Bankr.E.D.Va.1981); *In re Flaherty,* 10 B.R. 118 (Bankr.N.D.Ill.1981).

*Matter of Day,* 747 F.2d at 406-07. The relevant provisions of the code have not changed since. More importantly, neither *Dewsnup* nor *Nobelman* overruled *Day*. Thus, there is no reason to depart from this settled precedent.

4

Applying §506(a), it is clear Debtors are not eligible for relief under chapter 13 because their unsecured debt exceeds the limit set forth in §109(e). Accordingly, this case is dismissed with prejudice. It may be so ordered.

Dated: April 7, 2015

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE